FILED
CLERK
4/15/2021 1:56 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

For Online Publication Only

MATTHEW GINSBERG,

                    Plaintiff,

      -against-

**ORDER**
21-CV-00207 (JMA)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is the renewed in forma pauperis application filed by pro se plaintiff, Matthew Ginsberg ("Plaintiff"), (ECF No. 5), in accordance with the Court's January 29, 2021 Order that denied the initial application without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form"). (See ECF No. 4.) For the reasons that follow, the Long Form is denied. Plaintiff is directed to remit the $400 filing fee within fourteen (14) days in order to proceed with this case.

      To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosp. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-

06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's renewed application reflects that he is presently employed and receives regular monthly income in the total sum of $4,200.00 comprised of earned income and support from his parents. (ECF No. 5 at ¶¶ 1-2.) Plaintiff reports having $60.00 in cash and $70.00 in his combined checking and savings accounts. (Id. ¶ 4.) Plaintiff also reports regular monthly expenses that total $4,176 for items including housing, utilities, food, car payments and insurance, credit card payments, alimony, clothing, recreation, and entertainment. (Id. ¶ 8.) Plaintiff reports having three dependent children. (Id. ¶ 7.)

Given Plaintiff's financial position, he has not demonstrated that he cannot afford the $400.00 filing fee. Rather, it appears that Plaintiff is supported by his parents. Accordingly, because Plaintiff's application reflects that he has access to sufficient resources to pay the Court's filing fee, Plaintiff does not qualify for in forma pauperis status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); see also Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted). In addition, "'[i]f it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion

2

to deny the application." Brooks v. Aiden 0821 Capital LLC, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman, 195 F. Supp. 2d at 537). Plaintiff's declaration establishes that he can pay the filing fee and still have the necessities of life. Adkins, 335 U.S. at 339.

Accordingly, Plaintiff's motion to proceed in forma pauperis is denied. Plaintiff is directed to pay the filing fee within fourteen (14) days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:     April 15, 2021
           Central Islip, New York              /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE